Per Curiam.
The note sued on was dated 1st November, 1839, payable twelve months after the 5th November, 1839, but not discounted for several weeks afterwards. It was given in renewal of a previous note, which was over due, and it would seem was discounted at eight per cent, instead of seven per cent.
The court charged the jury that after a note due to the bank passes maturity, it bears eight per cent, interest, and it was lawful to renew such note at the same rate of interest.
This was erroneous. Even if the first proposition contained *631 in the instruction be true, to wit, that after maturity notes to the bank drew eight per cent., about which we give no opinion, still the renewed note was a new contract, and could not entitle the bank to eight per cent., unless it had more than twelve months to run. The charter allows eight per cent, on loans having more than twelve months to run. This note had not that time. Although it was dated 1st of November, and payable twelve months after the 5th of November, it was not discounted until some time afterwards. The discount must be regulated according to the time it had to run from the date of discount.
Judgment reversed and cause remanded.